# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOUSA SHIHADEH, : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | No. 10-05674 |
| : | |
| SHIRLEY MOORE SMEAL, : | |
| : | |
| Defendant. : | |

## MEMORANDUM OF LAW

**Joyner, J.**                                                           **May  5, 2011**

Presently before the Court is Defendant Shirley Moore Smeal's Motion to Dismiss the Complaint.  (ECF No. 7.)  For the following reasons, the Motion shall be granted.

## I.   BACKGROUND

On October 10, 2010, Mousa Shihadeh ("Plaintiff") filed this 42 U.S.C. § 1983 action against Shirley Moore Smeal ("Defendant") in her official capacity as Acting Secretary of the Pennsylvania Department of Corrections ("DOC") for violations of Plaintiff's Eighth Amendment rights.  Plaintiff alleges that while he was incarcerated under Defendant's care, custody, and control, Defendant was deliberately indifferent to his serious medical needs.  Specifically, the complaint alleges that after undergoing several medical examinations Plaintiff was given restrictions to protect his health.  Among these restrictions were limitations on the nature of work he could perform while incarcerated. Plaintiff claims that he was ordered to perform certain work in

violation of his medical restrictions, and that he suffered injury as a result. Plaintiff also brings a claim of negligence against Defendant under state common law based on the same facts.

Presently before the court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim, respectively. Defendant argues that Eleventh Amendment sovereign immunity protects her from suit in this case because she was sued in her official capacity as a state official for monetary damages.

**II. DISCUSSION**

Because the Eleventh Amendment acts as a jurisdictional bar, a Rule 12(b)(1) motion is the proper vehicle to raise a defense of sovereign immunity. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir. 1996). The party asserting sovereign immunity bears the burden of proving its applicability. Id. at 694.

"[T]he Eleventh Amendment . . . has been interpreted to render states — and, by extension, state agencies and departments and officials when the state is the real party in interest — generally immune from suit by private parties in federal court." Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002). Eleventh Amendment sovereign immunity therefore bars damages actions against a state in federal court, and this

bar extends to damages actions against state officials sued in their official capacity.[1] Kentucky v. Graham, 473 U.S. 159, 169 (1985); Edelman v. Jordan, 415 U.S. 651, 663 (1974). The protection of sovereign immunity can be abrogated by Congressional action or can be waived by the State. See Fla. Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 637 (1999) (holding that Congress has the power under the Fourteenth Amendment to abrogate state sovereign immunity (citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996))); Lavia v. Pennsylvania, 224 F.3d 190, 195 (3d Cir. 2000) (noting that a state may waive sovereign immunity). The Supreme Court has held, however, that § 1983 does not abrogate a state's sovereign immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); Quern v. Jordan, 440 U.S. 332, 345 (1979). The Pennsylvania legislature has expressly declined to waive its Eleventh Amendment immunity. Lavia, 224 F.3d at 195; see also 42 Pa. C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

In this case, Plaintiff's complaint appears to assert claims against Defendant only in her official capacity as the Acting

---

[1] The Eleventh Amendment does not, however, preclude a suit against an individual state official for prospective injunctive relief. Blanciak, 77 F.3d at 697-98 (citing Ex parte Young, 209 U.S. 123, 160 (1908)).

Secretary of the DOC. Plaintiff confirms this interpretation in his response to Defendant's motion to dismiss. (See ECF No. 8 at 7 ("Defendant Smeal is Only Being Sued In Her Official Capacity.").) Plaintiff seeks monetary damages only. (Compl. at 2, ECF No. 1.) The DOC, an executive agency of the Commonwealth of Pennsylvania, shares the Commonwealth's sovereign immunity. See Lavia, 224 F.3d at 195 ("Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity." (citation omitted)). Defendant, the Acting Secretary of the DOC being sued for damages in her official capacity, shares the DOC's immunity. See Graham, 473 U.S. at 169 (holding that the bar of Eleventh Amendment sovereign immunity "remains in effect when state officials are sued for damages in their official capacity").

Further, state officials sued in their official capacities are not "persons" for the purposes of § 1983 because "a suit against a state official is . . . . no different from a suit against the State itself." Will, 491 U.S. at 71. Therefore, such officials are protected from suit in § 1983 actions where the plaintiff is suing for monetary relief. See id.; Blanciak, 77 F.3d at 698 ("[R]elief that essentially serves to compensate a party injured in the past by the action of a state official . . . is barred by the Eleventh Amendment."). Accordingly, we find

4

that Plaintiff's § 1983 claim against Defendant is barred by the Eleventh Amendment. Because we are dismissing Plaintiff's federal claim, we decline to exercise supplemental jurisdiction over Plaintiff's state law negligence claim. See 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction").

We note that Plaintiff has also raised concerns about access to information and the DOC's non-compliance with requests for information under the Freedom of Information Act. Plaintiff appears to argue that the DOC's unwillingness to respond to Plaintiff's requests are responsible for the factual deficiencies in Plaintiff's complaint. Such arguments are misguided. Plaintiff brought claims seeking monetary damages against Defendant in her official capacity. In light of the protections afforded by the Eleventh Amendment, no amount of discovery would permit Plaintiff to move forward with his complaint.

Moreover, even if Plaintiff had asserted a claim against Defendant in her individual capacity, Plaintiff's claim would fail as a matter of law because Plaintiff has not alleged that Defendant was personally involved in the events that led to Plaintiff's injury. Section 1983 only supports claims against a government official if he or she "participated in violating the plaintiff's rights, directed others to violate them, or, as the

5

person in charge, had knowledge of and acquiesced in his [or her] subordinates' violations." <u>A.M ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.</u>, 372 F.3d 572, 586 (3d Cir. 2004). Section 1983 actions against government officials cannot be based only on the theory of respondeat superior. <u>See</u> <u>Santiago v. Warminster Twp.</u>, 629 F.3d. 121, 134 n.10 (3d Cir. 2010) (holding that supervisor liability requires either maintenance of a policy, practice, or custom that causes harm, or participation in, direction of, or acquiescence to subordinates' violations (citing <u>A.M.</u>, 845 F.2d at 586)); <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.").

To the extent that Plaintiff is arguing that this Court should permit discovery in order to give him access to information with which he <u>might</u> state a cognizable claim against Defendant in her individual capacity, we find that the recent United States Supreme Court cases of <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), disallow such a practice by placing the burden of factual sufficiency in pleadings on plaintiffs. <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable . . . .") (internal

quotation marks omitted); see also id. at 1950 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); Santiago, 629 F.3d at 134 n.10 (finding that despite possible "information asymmetry," factual insufficiency is fatal to complaints regardless of whether discovery has occurred); Essex Ins. Co. v. Miles, No. 10-3598, 2010 U.S. Dist. LEXIS 128888, at *8-9 (E.D. Pa. Dec. 3, 2010) (finding that "[t]he Supreme Court precludes the use of even limited discovery to overcome a pleading insufficiency").

**III. CONCLUSION**

For the above-stated reasons, we will grant Defendant's Motion to Dismiss. An appropriate order follows.